Whether or not lifting boxes and the onset of back pain was preceded by a slip and fall, plaintiff has consistently associated the beginning of this back problems with events at work on August 19, 1993 that are compensable under N.C. Gen. Stat. § 97-2(6) as either a traditional "accident", or a "specific traumatic incident". He told all medical providers, beginning with the emergency room nurse on August 24, that his pain began with "lift[ing] heavy boxes at work". By the 27th, Ms. Miller acknowledged that plaintiff was complaining "one night", although she denied knowing about an "accident". Exh. p. 6; see also Tr. pps. 13-14 and 30-31. What we know of the car incident comes from the plaintiff's testimony (Tr. pps. 15-16 and 34), and he described a sharp ("smash it with a hammer") pain when merely bending down to begin work — not having "performed brake repairs on his car" (Deputy's Finding of Fact #3) — and this does not describe a legally separate or intervening cause of disability. Heatherly v. Montgomery Components, Inc.,71 N.C. App. 377, 379-80, 323 S.E.2d 29 (1984). Based on MRIs, Dr. Powell related plaintiff's subsequent disability to his back injury rather than the later knee injury. See Depo. of Dr. Powell, pps. 14-15. Consequently, I CONCUR.
 S/ _____________ J. RANDOLPH WARD COMMISSIONER